## THE TRUSTEES OF THE METHODIST EPISCOPAL CHURCH IN THE CITY OF NEW YORK,

### v.

## JOHN D. JAQUES and others.

Bill for discovery and an account, among other things, of moneys received of R. The answer stated in substance, that the moneys received of R. were paid over by the defendant, but did not specify the amount, which amount was subsequently proved by R. Held, that upon taking the account before a master, this allegation of the defendant is such an answer to the inquiries of the bill, as must be received, there being no opposing testimony.

But in relation to other items, where the statements of the defendant's answer were vague and general, he was not allowed to discharge himself by such answer; the receipt of the money appearing by other testimony.

In this case, where the proceedings had been various and perplexed, and the accounts were intricate, though the complainants filed some exceptions which were, in effect, repetitions of others, yet as they tended to present the subject in a different point of view, the court would not disallow them as repetitions, or as argumentative.

And in the peculiar circumstances of this case, the court would not disallow an exception, which was long and systematic, and so framed as to present, in effect, the substance of such a report as the complainants contended ought to have been made.

But the allowance of this exception was so limited, as to become a direction to the master no farther, than the principles of it were adopted by the particular directions now given.

By the decision in error, the defendant J. D. J. was to be allowed for the sums paid for the support of Mrs. J. his wife, for several years. Held, that though the burden of that proof rests on the defendant, yet it must be reasonable proof, according to the circumstances of the case. Actual vouchers for such expenses, are not to be required. Much may be left to reasonable presumption; and general evidence of what must be the expenses of a family in like circumstances, may form, to a great extent, the criterion.

THIS very litigated cause came before the courts in different stages of its progress in 1 John. Ch. 66. 450. 2 Ib. 543. 3 Ib. 1. 77. and 17 John. R. 548.

In consequence of the important principles settled by the decision in error, this cause had been again referred to a master, for a new adjustment of the accounts. The order having been laid before master Arden, he made a report on the 29th day of October 1821, to which the complainants took many exceptions; some of which were to matters of detail and of account; but others seemed to involve so much of principle, that it has been thought not unfit to continue, perhaps to conclude, the judicial history of this cause, by the decision of the exceptions. They will be sufficiently understood, from

*1824.*
*June.*

*Exceptions.*
*Account.*

58

the opinion of the chancellor.   The exceptions were argued at great length, by

MR. JONES, for the complainants ; and,

MR. EMMET, for the defendants.

THE CHANCELLOR.   This cause has been fully argued, upon fourteen exceptions to the master's report.

The first exception is, that the sum charged by the master against the defendant John D. Jaques, as the rent of the house at the corner of Broadway and Reed street, is too low.   The yearly value of this house, was stated in a previous report, at four hundred dollars; a sum which seems to have been a reasonable estimate of the annual value.   The court of errors has directed, that the charge for this rent, shall be made according to the value of the house to John D. Jaques as a personal residence, under the circumstances, that he and Robert Jaques were restrained from letting the same, by an injunction, and that the house must have remained unoccupied, if he had not occupied it.   This direction is not easily expounded; and it can not be applied with any precision, to the facts now before this court.   The court of errors evidently intended, that on account of the injunction, the rent to be charged against John D. Jaques, should be less than the full sum which a tenant would pay for the house ;   but how much less than the full value was intended, is uncertain.   The complainants contend, that the value of the house as a residence, was as much to John D. Jaques, as it would have been to any other person ;   and John D. Jaques insists, that he should be charged only for those parts of the house, which he actually used.   Neither of these rules seems to accord with the meaning of the court of errors ;   and some valuation between these extremes, would I think, best execute the intention of that court.   The sum of one hundred dollars a year, now allowed by the master, was nearly the value of the room used as an office ;   and the whole house was in the possession of this defendant.   I am of opinion, that the sum now allowed by the master, for the rent of this house, is less than it should be ;   and this exception is allowed.

The second exception is, that the master has allowed to John D. Jaques, five hundred and twenty six dollars and sixty nine cents, and one hundred and ninety one dollars and forty six cents, as interest; the first sum being stated by the master to be a balance due to this defendant, for the support of Mrs. Jaques her family establishment and equipage, from the first day of November 1811, to the first day of February 1812. The master has not stated the principles or the evidence, upon which he has allowed these sums; but it is agreed by the parties, that this result was deduced from the former proceedings in the cause, and particularly, from the three papers marked number one, number fifty nine, and number sixty. The paper number one, must I think, be regarded as evidence. The paper number fifty nine, is wholly unsupported by any proof whatever. It is merely a written statement, which has never been proved by any testimony, making it evidence for or against either party. The balance of the sums stated in the paper number fifty nine, being four thousand one hundred and eighty two dollars and sixty two cents, is the first item in the paper number sixty; and if the paper number sixty were sufficiently proved, it might be considered as adopting or verifying the paper number fifty nine. But the paper number sixty, is itself unproved, or so slightly supported by the vague and uncertain testimony of Margaret Stewart, that it can hardly be received as evidence. It does not appear, that this paper was ever in the possession of Mrs. Jaques. The paper number sixty, must be either rejected, or at least, must be considered as affording no proof in support of the paper number fifty nine. The master has therefore, in adopting the papers number fifty nine, and number sixty, acted without sufficient evidence: and the result derived from these unproved statements, must be erroneous. This exception is allowed.

The third exception objects to the allowance of three thousand and eighty two dollars and two cents and interest thereon, made by the master for the support of Mrs. Jaques her family establishment and equipage, from the first day of February 1812, to the tenth day of February 1813. So far as this allowance may rest upon the paper number sixty, it is

1824.

METHODIST
EPISCOPAL
CHURCH
v.
JAQUES.

subject to the remarks already made upon that paper. The master has made an allowance for this period, at the rate of three thousand dollars a year. This rate of allowance for this period, may not be very excessive; but it seems to me to be considerably higher, than any evidence in the cause will justify. As there is no direct proof warranting this allowance, and as the allowance seems greater than any sum which in the absence of direct proof, could be assessed as the probable and reasonable amount of these expenses, this exception is allowed.

Fourth and fifth exceptions. These relate to the debts from Christian M. Heyl. This subject seems to me to have been put at rest, by the court of errors. Though the decree of that court directs, that John D. Jaques shall be allowed for all moneys over and above the debts from Heyl, expended for the objects already mentioned; yet that court can not be understood to have meant, that the transactions concerning the debts from Heyl, should become the subject of a new and distinct investigation, in the manner proposed by these exceptions. The court of errors seem to have considered this subject, as one separated from the other parts of the controversy; and no inquiry concerning it, has been directed. The master has so understood the decree; and I so understand it. These two exceptions are disallowed.

The sixth exception is, that the defendant John D. Jaques is not charged with moneys received by him as interest, from Alexander Clark. This exception is disallowed, because there is evidence from Margaret Stewart, that these moneys or some of them, were paid by John D. Jaques to Mrs. Jaques; and because the subject of this exception, has been decided by the late chancellor, upon the fifteenth of certain former exceptions, taken in this cause.

The seventh exception is, that the defendant John D. Jaques is not charged by the master, with the sum of forty nine dollars and fifty cents, received by him from Stewart F. Randolph executor of the will of John Brown. John D. Jaques alleges in his answer, in substance, that he paid the money which he thus received, immediately after the receipt, to his wife Mrs. Jaques. Though the answer does not state the

1824.

METHODIST
EPISCOPAL
CHURCH
v.
JAQUES.

sum received and paid, it alleges, that the sum received for interest was paid to Mrs. Jaques; and the testimony of Randolph, shows what that sum was. The allegation of the defendant upon this subject, is such an answer to the allegations and inquiries of the bill, that it must be received: and this exception is disallowed.

The eighth exception is, that the master has not charged against the defendant John D. Jaques, interest on one hundred and fifty dollars, received by him from Richard Jaques and Isaac Jaques. These one hundred and fifty dollars appear to have been received by John D. Jaques; and the disposition of the money by him, does not appear, otherwise than by his answer. The statements of his answer relative to this matter, are too general and vague, to discharge him, without some farther evidence; and the proofs in the cause, do not show any thing which can avail, as a discharge. This exception is allowed.

The ninth exception is that the master has not allowed interest on certain moneys received by John D. Jaques from several persons, debtors to Mrs. Jaques. The interest on these moneys, is involved in the several statements of interest, which appear in the papers number one, number fifty nine and number sixty; and these papers having been made the basis of the present report, interest on these moneys as well as others, has been in effect, allowed by the master. But the interest stated and allowed upon various balances in these three papers, is so computed and allowed, that the result of all the allowances of interest, may differ greatly, from that which would be produced by calculations of interest, made according to legal principles. If the complainants, or Mrs. Jaques in her life, had acquiesced in the method of computing interest adopted in these papers, these statements of interest could not now be disturbed. But no such fact appears; and as the cause now stands, the complainants may I think, insist upon their strict right, that there shall be a new and correct statement of interest. The rectification directed by the court of errors, embraces interest as well as principal. This exception is allowed.

The tenth exception objects, that the master has not char-

ged against the defendant John D. Jaques, certain sums of money which he received from Alexander Clark and others, debtors to Mrs. Jaques. It appears, that all the matters to which this exception is applied, have been already adjudged by the late chancellor, upon former proceedings in this cause. The court of errors, has indeed, directed an account of all the personal estate of Mrs. Jaques; but that direction can not mean, that matters which have been thus directly adjudged, should be open to a new examination. This exception is disallowed.

The eleventh, twelfth and thirteenth exceptions, are tantamount or nearly so, to the second and third exceptions; and as such, they are allowed; but without adopting them, in any greater extent. If these exceptions were mere repetitions of other exceptions, they would be improper, and would for that reason, be disallowed. But this cause is one of its own kind; it has in some respects, become much embroiled; and the report now in question, rests upon all the previous proceedings in the cause. In the very peculiar circumstances of this case, it was not improper, that the complainants should present their objections to the report, somewhat in detail, and according to the different views, of which those objections are susceptible. I do not mean to give any sanction to mere repetitions or to argumentative exceptions. But as these three exceptions, though in effect, equivalent to the second and third exceptions, still present the same subjects in a different manner; they are not without use, and may be tolerated, in this peculiar case.

The fourteenth exception, is intended to show the manner in which the accounts should be taken and stated, according to the view which the complainants take of their rights. This exception is of great length and contains the substance of such a report, as the complainants desire from a master. In any ordinary case, such an exception would be improper; but in this case, the report to which these exceptions are taken, is so much engrafted upon the previous proceedings in the cause, and the whole cause is now so complicated, that some exception like this, may be proper. Still, it can not be expected, that the court will by adopting or rejecting this

whole exception, or by adopting some of its details and re-jecting the rest, adjust all the questions which this exception embraces. As some exception like this, was not improper, and as many of the principles which this exception assumes, are just, the exception is allowed, in point of form : but this decision is not to become a direction to the master, to any extent greater than the scope of the decisions made on the preceding exceptions, and the remarks which will now be made.

The chief error of the master, has in my opinion,. been, that he has assumed the two papers number fifty nine and number sixty, to be authentic and sufficient proofs in the cause. As these papers can not be so considered, the trans-actions which they state, must be open to evidence : and the rectified account should comprehend the period of those transactions, and state the result, according to the facts now appearing in the cause, and such other testimony as the par-ties may give.

The amount to be allowed to John D. Jaques, for the sup-port of Mrs. Jaques her family establishment and equipage, undoubtedly forms the greatest difficulty in this cause. There was no agreement between John D. Jaques, and Mrs. Jaques, that these expenses should amount to or be estimated at any specific sum ; or if any such agreement was made, it does not so appear, as to be evidence. The complainants insist, that John D. Jaques is bound to prove the expenses actually in-curred and paid for support and maintenance ; and that he can be discharged only so far as he makes such proof. That the burden of proof, in this respect, is on the defendant John D. Jaques, is true; but the proof required, must be reason-able and the best which can be obtained, in the circumstan-ces of the case. It can not be expected, that this defendant should now produce strict proofs of all these expenditures ; for it can not be supposed, that between him and his wife, he kept regular accounts, or that he took formal vouchers for all the small expenses of a family. When all the proofs which the parties have offered and may give, in respect to these ex-penses, shall be exhausted, something and probably much, must depend upon reasonable presumptions. That which

must have been the expense of a family, in these circumstan-- ces, must be to a great extent, the criterion of the real ex- pense of this family. If the master had been somewhat more moderate, in his allowances for these expenses, I should have thought, that justice between these parties, would have been done, by ratifying allowances, which though not strictly prov- ed, as actual disbursements, would still appear to be reason- able, in all the circumstances of the case. But as the allow- ances made by the master, seem too high, and as this subject may be illustrated by farther evidence, nothing can be done, but to send it to a new inquiry.

The cause is now recommitted to a master, to take and state an account, according to the exceptions now allowed, the explanations with which they are allowed, and the decree of the court of errors, as the basis.